IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEMETRIS DUCKSWORTH,

    Petitioner,                  No. 2:13-cv-0381 GGH P

    vs.

GARY SWARTHOUT,

    Respondent.               ORDER &
                                            FINDINGS AND RECOMMENDATIONS

/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2011 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

        On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id. While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable

1

application of our cases" (while explicitly not reviewing that holding),[1] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862.   Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862.  "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence"

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court is not bound by Hayward.

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

rule into a substantive federal requirement." Id., at 862.  The Ninth Circuit recently noted that in light of Swarthout v. Cooke, certain Ninth Circuit jurisprudence had been reversed and "there is no substantive due process right created by California's parole scheme." Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).  Thus, there is no federal due process requirement for a "some evidence" review and federal courts are precluded from review of the state court's application of its "some evidence" standard.

Petitioner raises four claims in the instant petition.  He first claims that the BPH violated the Double Jeopardy Clause and that res judicata prevents this result, because the BPH found him unsuitable for parole at its 2011 hearing when it had previously found him suitable for parole at his 2010 hearing.  This claim is not foreclosed by Swarthout; however, the legal theories proposed by petitioner, although creative, are without merit.  First, res judicata will not assist petitioner.

Article 5, § 8(b) of the California constitution provides:

> (b) No decision of the parole authority of this state with respect to the granting, denial, revocation, or suspension of parole of a person sentenced to an indeterminate term upon conviction of murder shall become effective for a period of 30 days, during which the Governor may review the decision subject to procedures provided by statute. The Governor may only affirm, modify, or reverse the decision of the parole authority on the basis of the same factors which the parole authority is required to consider. The Governor shall report to the Legislature each parole decision affirmed, modified, or reversed, stating the pertinent facts and reasons for the action.

The statutory procedures controlling the Governor's review are found in Cal. Penal Code § 3041.2 which provides for review of a parole authority's decision regarding parole within thirty days thereafter, and if he reverses the parole board's decision, he must provide to the prisoner a written statement specifying his reasons.  The decision of the BPH is not final for thirty days, until the Governor has had the opportunity to review the decision. Henson v. Davison, 2010 WL 2264931, *1 (C.D. Cal. Apr. 21, 2010).

\\\\\

1          Here, although the BPH found petitioner suitable for parole in 2010, under
2   California law, the governor has the option to review and reverse that decision, and his decision
3   is the final decision for that particular parole eligibility proceeding.  Therefore, res judicata will
4   not assist petitioner because the final decision after the Governor's review was adverse to
5   petitioner.
6          Petitioner's claim of double jeopardy is also meritless.  Under the Double
7   Jeopardy Clause, no person shall be "subject for the same offence to be twice put in jeopardy of
8   life or limb ..." U.S. Const. Amend. V.  The Double Jeopardy Clause "protects against successive
9   prosecutions for the same offense after acquittal or conviction and against multiple criminal
10  punishments for the same offense." Monge v. California, 524 U.S. 721, 727–28, 118 S.Ct. 2246,
11  2250 (1998).  The BPH's 2011 decision did not pertain to an offense or crime and the 2010
12  parole decision was not a previous criminal offense for which petitioner was acquitted or
13  convicted.  Both the 2010 and 2011 BPH decisions were administrative determinations and not
14  criminal proceedings.  See Alessi v. Quinlan, 711 F.2d 497, 501 (2d Cir.1983) (finding that
15  denial of parole "is neither the imposition nor the increase of a sentence, and it is not punishment
16  for purposes of the Double Jeopardy Clause..."); Williams v. Finn, 289 F.App'x 175, 176, 2008
17  WL 3271153, *1 (9th Cir. Aug. 6, 2008) (rejecting double jeopardy claim because "the [Parole]
18  Board's decision did not subject [petitioner] to either a second criminal prosecution or to
19  multiple punishments for the commitment offense"); Guzman v. Morris, 644 F.2d 1295, 1299
20  (9th Cir.1981) (finding that double jeopardy clause was not violated where Community Release
21  Board redetermined petitioner's release date); Mayfield v. Carey, 747 F.Supp.2d 1200, 1212
22  (E.D.Cal.2010) ( holding that "the [Parole] Board's decision did not subject [petitioner] to either
23  a second criminal prosecution or to multiple punishments for the commitment offense").
24         Petitioner next claims that there was no evidence to find petitioner unsuitable for
25  parole; however, this claim is also contradicted by the record.  Petitioner is only entitled to an
26  opportunity to be heard and to be provided a statement of the reasons for the parole denial.

Swarthout, at 862. The transcript from the hearing indicates that petitioner was represented by counsel and both counsel and petitioner were present and had an opportunity to present their arguments and were then informed why parole was denied. (Doc. 1, Ex. A.) This claim should also be denied.

Petitioner also claims that the governor's reversal of the December, 2010 parole suitability finding violated due process because "there is no mechanism in place to review the 'same record' that was before the Board of Parole Hearings." Petitioner essentially argues that the governor's review did not include the opportunity to assess petitioner's demeanor and "spoken words" and therefore cannot meet his statutory burden under Cal. Penal Code § 3041.2. To the extent that petitioner contends that the governor's actions violated California law, his claims are not cognizable on habeas review. Errors in application of state law are not cognizable in federal habeas corpus. Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991).

Petitioner's last claim is entitled, "[t]he California Court of Appeal's failure to independently review the filed Writ of Habeas Corpus amounts to a standard of Appellate Review without the guaranteed review embedded within the statutes governing Direct Appeal, thus eliminating the constitutional from the habeas process." Petitioner explains that the requirement that his claims raised before the state appellate court are limited to claims previously raised in the initial petition filed with the superior court, violate due process and the First Amendment.[3] Petitioner's exhibits indicate that he first filed a habeas petition with the state court of appeals, and that it was denied "without prejudice to the filing of a petition in Solano County Superior Court in the first instance." (Doc. 1, Ex. 2.) The state court of appeals cited

---

[3] Petitioner also cites Walker v. Martin, ___ U.S. ___, 131 S.Ct. 1120, 1124 (2011), which held that California's timeliness requirement, utilizing a general "reasonableness standard" rather than a fixed statutory deadline, constitutes an adequate and independent state ground sufficient to bar habeas corpus relief in federal court; however, this court does not understand its application to this case.

1 Cal. Rules of Court 8.385(c)(2) in support of its decision.  Once again, to the extent that
2 petitioner objects to California statutory law or the manner in which it is implemented, this claim
3 is not cognizable on federal habeas review.  Estelle, supra.
4       Ultimately, petitioner has failed to present any cognizable claims that may be
5 reviewed by the court so the petition is dismissed.
6       Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this
7 case.
8       IT IS HEREBY RECOMMENDED that this petition be denied for the reasons
9 discussed above.
10       If petitioner files objections, he shall also address if a certificate of appealability
11 should issue and, if so, as to which issues.  A certificate of appealability may issue under 28
12 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
13 constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate
14 which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).
15       These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
17 days after being served with these findings and recommendations, petitioner may file written
18 objections with the court and serve a copy on all parties.  Such a document should be captioned
19 "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that
20 failure to file objections within the specified time waives the right to appeal the District Court's
21 order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
22 DATED: April 11, 2013

          /s/ Gregory G. Hollows
24     UNITED STATES MAGISTRATE JUDGE

GGH: 076
26 duck0381.parole.scrnII